```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY,
and GEICO CASUALTY COMPANY,

                        Plaintiffs,                              REPORT AND RECOMMENDATION
                                                                 21 CV 1702 (DG) (LB)
          -against-

FRANK BOATSWAIN, BRIANNA BOATSWAIN,
PATRICK AUGUSTE, PAUL MATTHEW,
and JOHN DOE DEFENDANTS 1–5,

                        Defendants.
----------------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "plaintiffs" or "GEICO") bring this action alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* and common law fraud, seeking to recover compensatory damages, punitive damages, treble damages, costs, attorney's fees, and to obtain a declaratory judgment and a permanent injunction against defendants. Complaint ("Compl."), ECF No. 1 ¶¶ 98, 99, 112, 123, 127. Defendants Frank Boatswain, Patrick Auguste, and Paul Matthew (collectively "defendants") never responded to the summons and complaint served on them and the Clerk of the Court noted entry of their default on May 7, 2021.[1] ECF No. 13–15. Plaintiffs now move for a default judgment against defendants on their third cause of action, for common law fraud, and their sixth cause of action, seeking a permanent injunction.[2] Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment ("Memo."),

---

[1] Plaintiffs voluntarily withdrew their action against defendant Brianna Boatswain on May 19, 2019 and the case against her was dismissed. ECF No. 16; Docket Entry 05/24/2021.

[2] While plaintiffs do not move for a default judgment based on their federal RICO claim, the Court has jurisdiction over plaintiffs' state-law claims based on diversity. Plaintiffs allege that they are Nebraska corporations with their principal places of business in Maryland. Compl. ¶ 10. Boatswain, Auguste, and Matthew are citizens of New York. Id. ¶ 11. The amount in controversy is over $2.5 million. Id. ¶ 89.

1

ECF No. 17-10. This motion was referred to me by the Honorable Diane Gujarati for a Report and Recommendation in accordance with 28 U.S.C. 636(b). For the reasons set forth below, it is respectfully recommended that plaintiffs' motion for a default judgment against Frank Boatswain, Patrick Auguste, and Paul Matthew should be granted.[3]

## BACKGROUND

Plaintiffs allege that defendants carried out a scheme designed to defraud GEICO from collecting payments on insurance policies they issued. See generally Compl. Defendants represented that they could procure GEICO automobile insurance policies for various individuals at a discounted price for a cash payment. Id. ¶ 2. Defendants would then submit applications to GEICO for insurance policies using fabricated e-mail addresses, bank accounts, and other information. Id. ¶ 3. The fabricated bank accounts would give the impression that the individuals would pay GEICO monthly premiums, but defendants never intended to pay any premiums and instead pocketed the money they were paid by the individuals for the policy. Id. ¶¶ 3–4. In reliance on these applications, GEICO issued binders associated with the requested policies, which serve as temporary agreements declaring the insurance policy is in effect. Id. ¶¶ 4, 31. Once these binders were created, defendants would go back into the accounts they had created and change the information (e.g. make and model of car being insured) to match the information given to them by their "clients" so they could deliver an insurance card to those individuals which would match their information and make the "clients" think they had an insurance policy. Id. Payments for the "clients'" policies were never remitted by defendants and when GEICO would seek to be paid for the policies using the fabricated payment information provided by defendants, the payments would fail, and GEICO would cancel the policies. Id. GEICO's complaint seeks more than $2,500,000.00 in damages consisting of claims GEICO paid under the

---

[3] The case against the John Doe defendants should be dismissed as no John Does were ever identified in this action.

fraudulently obtained policies and unpaid premiums and down payments owed on the fraudulent policies. Id. ¶ 5.

## PROCEDURAL HISTORY

Plaintiffs initiated this action by filing their complaint on March 29, 2021. ECF No. 1. Plaintiffs served defendants Frank Boatswain, Patrick Auguste, and Paul Matthew with the summons and complaint on April 7, 2021. ECF Nos. 7–9. Defendants were required to respond to the complaint by April 28, 2021. Id. The Clerk of Court noted entry of the defendants' default on May 7, 2021. ECF Nos. 13–15. Plaintiffs now move for a default judgment against defendants Frank Boatswain, Patrick Auguste, and Paul Matthew. Judge Gujarati referred the motion to me. Docket Entry 05/28/2021.

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. After the clerk enters the default of a defendant that "has failed to plead or otherwise defend," the Court may, on a plaintiff's motion, enter a default judgment if the defendant fails to appear or move to set aside the default under Rule 55(c). Fed. R. Civ. P. 55(a), (b)(2). On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) (citation omitted). However, the party in default does not admit conclusions of law. Rolls-Royce plc v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010). The Court therefore has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Id. (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In evaluating "whether the unchallenged facts constitute a legitimate cause of action," the Court is limited to the four corners of the complaint. Id. (citation omitted). It is not so restricted in determining damages, which the Court may calculate based on documentary evidence, affidavits,

or evidence gleaned from conducting a hearing on damages. See Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111.

## I. Liability for Common Law Fraud

"To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." Forkin v. Local 804 Union (IBT), 394 F.Supp.3d 287, 309 (E.D.N.Y. 2019) (quoting Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 783 F.3d 395, 402 (2d Cir. 2015)). Federal Rule of Civil Procedure 9(b) requires that allegations of fraud are pled with specificity. See Fed. R. Civ. P. 9(b). Rule 9(b) "requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." Id. Here plaintiffs raise a claim of fraud under New York common law and satisfy the pleading requirements of Rule 9(b).

Plaintiffs allege that defendants made numerous material misrepresentations as defendants submitted applications for hundreds of insurance policies with fabricated information, in particular fabricated payment information. Compl. ¶¶ 53–81. Plaintiffs also allege that defendants knew their misrepresentations were false and that they made the misrepresentations with the intent to defraud plaintiffs. Id. ¶¶ 6, 66, 83–85. Plaintiffs allege many examples of defendants' fraudulent misrepresentations, including how the misrepresentations were false, who made the misrepresentations, and when they were made. Id. ¶¶ 48–85. Thus, plaintiffs adequately plead the first three prongs of a fraud claim with the specificity required by Rule 9(b).

Next, plaintiffs allege they reasonably relied on defendants' misrepresentations when they issued policy binders for defendants' "clients" because, as detailed in the complaint, defendants took

4

steps to fabricate all the information required to submit valid looking policy applications to GEICO. Id. ¶¶ 84–86. Plaintiffs were injured as a result of their issuance of these policy binders because they were never paid for these policies and they paid out nearly a million dollars in claims pursuant to the fraudulently obtained policies. Thus, plaintiffs have successfully demonstrated defendants' liability for common law fraud.

## II. Fraud Damages

Plaintiffs seek compensatory damages for their common law fraud claim consisting of: (1) $556,779.66 for unremitted down payments on automobile insurance policies defendants induced them to issue; (2) $920,792.35 for unremitted, pro-rated premiums on those same policies; and (3) $973,572.29 for claims paid out pursuant to those policies. Memo. at 11; Declaration of April Neyland ("Neyland Decl."), ¶¶ 7–15.

It is well established that when a party is in default, it is "deemed to constitute a concession of all well plead[ed] allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted); see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint, with respect to the amount of the damages are not deemed true."); Innovative Sports Management v. Zarate, 2021 WL 4268070 at *5 (E.D.N.Y. August 5, 2021). On a motion for a default judgment, it is plaintiff's burden to prove damages with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc., 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). The Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). A hearing is not necessary when plaintiff submits "detailed affidavits and documentary evidence." Cement & Concrete Workers Dist.

Council Welfare Fund, 699 F.3d at 234 (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)). In New York, "the defrauded plaintiff may recover out-of-pocket losses caused by the fraud." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 768 (2d Cir. 1994) (citations omitted); see also, Yehudian, 2018 WL 1767873 at *17 (E.D.N.Y. February 15, 2018); Nazarov, 2015 WL 5774459, at *20 (citations omitted).

In support of their motion for a default judgment, plaintiffs attach the declaration of April Neyland, a supervisor in GEICO's Special Investigation Unit, recounting when and how the calculations were made regarding plaintiffs' damages. See Neyland Decl. at ¶¶ 7–15. Additionally, plaintiffs submit tables itemizing the unremitted down payments and prorated premiums due on defendants' fraudulently obtained policies, as well as the claims paid out under those policies. See Neyland Decl. Ex. 2–3. Courts in this District have frequently found that, in the context of a default, similar documentary evidence is sufficient to support an award of damages for common law fraud. State Farm Mutual Automobile Insurance Company v. Jamaica Wellness Medical, P.C., 2019 WL 3330240 at *8 (E.D.N.Y. May 31, 2019); Allstate Insurance Company v. Yehudian, 2018 WL 1767873 at *17 (E.D.N.Y. February 15, 2018); Allstate v. Abutova, 2017 WL 1185222 at *8 (E.D.N.Y. February 15, 2017); Nazarov, 2015 WL 5774459, at *17 (collecting cases). Here, plaintiffs have established defendants' liability for common law fraud. Therefore, the Court should award plaintiffs compensatory damages for the unremitted down payments, prorated premiums, and claims paid out for the fraudulently obtained policies in the total amount of $2,451,144.30.[4]

### III.  Permanent Injunction

Plaintiffs also seek a permanent injunction enjoining and restraining defendants, and any unnamed parties involved in their scheme, from submitting fraudulent insurance policy applications

---

[4] $556,779.66 in unremitted down payments + $920,792.35 in prorated premiums + $973,572.29 in claims paid = $2,451,144.30

to GEICO. To obtain a permanent injunction, plaintiffs must satisfy the four factor test set forth by the Supreme Court in eBay Inc. v. MercExchange, L.L.C.: "(1) that [plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id.

Plaintiffs allege that they have suffered irreparable injuries because the fraudulently obtained policies cannot be voided or cancelled retroactively under New York State law unless the claimant was a participant in the fraud. Integon Ins. Co. v. Goldson, 300 A.D.2d 396 (2d Dep't 2002). In New York, an automobile insurance policy cannot be retroactively cancelled or voided to the date of its issuance; Compl. ¶ 36, it can only be cancelled prospectively, and not until fifteen days from the issuance of the policy. See New York Vehicle and Traffic Law § 313 (McKinney Supp. 2003). Plaintiffs therefore have been forced to provide insurance coverage to individuals who fraudulently obtained policies, and to continue providing coverage after the discovery of the fraud until the policies can be cancelled prospectively. Memo. at 11; Compl. ¶¶ 34–37. As New York law does not permit retroactive cancellation of these fraudulently obtained policies, plaintiffs argue that absent an injunction, they will be trapped by defendants' scheme to provide insurance until GEICO can prospectively cancel the fraudulent policies. Thus, the first factor of the eBay test weighs in favor of granting plaintiffs a permanent injunction.

Next, plaintiffs allege that remedies at law, such as money damages, would be inadequate in this context both because defendants have done reputational harm to GEICO and because plaintiffs will be unlikely to recover on any monetary judgment obtained against defendants. By using GEICO's

7

federally recognized trademarks as well as its well-known gecko mascot, defendants created the appearance that their actions were sanctioned by GEICO, when they were not. Memo. at 13. See Broker Genius Inc. v. Gainor, 810 Fed.Appx. 27, 34 (2d Cir. 2020) (upholding jury verdict for both money damages and permanent injunction in part on the basis that "loss of good will and damage to [plaintiff's] reputation cannot be compensated through monetary damages alone"); see also Microsoft Corp. v. Does 1–2, 2021 WL 4755518 at *10 (E.D.N.Y. May 28, 2021) (quoting U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc., 800 F. Supp. 2d 515, 527 (S.D.N.Y. 2011)) ("Because the losses of reputation and goodwill and resulting loss of customers are not precisely quantifiable, remedies at law cannot adequately compensate Plaintiff for its injuries"). Plaintiffs also allege that the defendants' apparent lack of assets and failure to participate in this action make it unlikely that plaintiffs will recover on and thus be made whole by a judgment of money damages. See Memo. at 12–14; Compl. ¶ 126; see also BBY Sols., Inc. v. Schwartz, 11-CV-0947, 2011 WL 6986937, at *3 (E.D.N.Y. Nov. 17, 2011), report and recommendation adopted, 2012 WL 90347 (Jan. 11, 2012) ("Here, defendant's refusal to appear in this action demonstrates the inadequacy of plaintiffs' remedies at law."). Thus, the second eBay factor weighs in favor of granting plaintiffs a permanent injunction.

Plaintiffs also argue that the balance of hardships weighs in their favor. Indeed, continuing harm to plaintiffs has already been demonstrated by defendants' submission of fraudulent policy applications even after being served with plaintiffs' complaint in this case. Memo. at 14. See Brydge Techs. LLC v. OGadget LLC, 19-CV-5692, 2021 WL 1200316, at *7 (E.D.N.Y. Mar. 4, 2021), report and recommendation adopted, No. 19-cv-5692(EK)(CLP), 2021 WL 1193003 (Mar. 30, 2021) ("Here, plaintiffs have established irreparable harm and the likelihood that defendant's unlawful conduct will continue.") Thus, the third eBay factor weighs in plaintiffs' favor.

Finally, plaintiffs argue that granting an injunction would further the public interest. Memo. 14–15. Defendants' scheme not only targeted GEICO, it also involved duping members of the public

into paying defendants for insurance they did not receive. Id. Therefore, an injunction would further the public interest because it would: (i) protect GEICO from further injury, (ii) protect other members of the public from injury by defendants, and (iii) deter other bad actors from engaging in similar fraudulent activity. Id. The Court agrees that granting plaintiffs a permanent injunction in this case would further the public interest and so this factor likewise weighs in plaintiffs' favor. See, e.g., LawClick LLC v. Reagan, 20-CV-1369, 2021 WL 724920, at *5 (E.D.N.Y. Jan. 26, 2021), report and recommendation adopted, 20-CV-1369, 2021 WL 722413 (Feb. 24, 2021) (granting application for permanent injunction where injunctive relief would protect plaintiffs' interests and "deter other similar actors from engaging in the type of unlawful conduct at issue here").

Accordingly, the Court finds that plaintiffs have met the standard for a permanent injunction. I respectfully recommend that plaintiffs should be granted a permanent injunction enjoining and restraining the named defendants from submitting insurance policy applications to GEICO.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs' motion for a default judgment should be granted as to their third and sixth causes of action. Plaintiffs should be awarded $2,451,144.30 in compensatory damages against Frank Boatswain, Patrick Auguste and Paul Matthew due to defendants' fraud, and the Court should enter a permanent injunction enjoining and restraining these defendants from submitting applications for insurance policies to GEICO. Finally, the case should be dismissed against the John Doe defendants as no John Does were ever identified in this action.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 152 (1985).

SO ORDERED.

                                                             /S/
                                        LOIS BLOOM
                                        United States Magistrate Judge

Dated: December 17, 2021
       Brooklyn, New York