UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY,
and GEICO CASUALTY COMPANY,

              Plaintiffs,                      **REPORT AND RECOMMENDATION**
                                                          21 CV 1702 (DG)(LB)
   -against-

FRANK BOATSWAIN, BRIANNA BOATSWAIN,
PATRICK AUGUSTE, PAUL MATTHEW,
and JOHN DOE DEFENDANTS 1-5,

              Defendants.
-----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "plaintiffs" or "GEICO"), move the Court to hold defendants Frank Boatswain, Patrick Auguste, and Paul Matthew in civil contempt for failure to comply with the Court's January 31, 2022 default judgment and permanent injunction entered in favor of plaintiffs against defendants. ECF Nos. 20–21. The Court certifies the relevant facts and, for the reasons set forth herein, respectfully recommends that the Honorable Diane Gujarati should order defendants to appear on a date certain to show cause why they should not be held in contempt.

**PROCEDURAL HISTORY**

      On May 13, 2022, plaintiffs sought leave to file a motion under seal to hold defendants in contempt for their violations of the Court's January 31, 2022 injunction. ECF No. 21. The Court granted in part and denied in part plaintiffs' request and ordered plaintiffs to file their contempt motion under seal and a redacted copy of the motion on the public docket. ECF Order dated May

1

26, 2022. Plaintiffs now move for an Order holding defendants in contempt.[1] ECF Nos. 24–25. Plaintiffs' motion requests monetary sanctions for defendants' violations of the Court's injunction in the amount of $500.00 for each discrete violation of the injunction to date, and $1,000.00 for any further violations of the injunction, as well as any other relief the Court deems just and proper. Mem. of Law at 9.

## MAGISTRATE JUDGE'S AUTHORITY

Under the Federal Magistrates Act of 1968, 28 U.S.C. § 636(e), federal magistrate judges may exercise contempt authority in certain limited circumstances. In cases where a person commits an act constituting contempt before the magistrate judge, the certification procedure is set forth by the Act:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). The magistrate judge's role in certifying the facts under Section 636(e) is to "determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116, 118 (E.D.N.Y. 2008) (internal quotation omitted). "The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a *de novo* hearing at which issues of fact and credibility determinations are to be made." Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (citations omitted).

---

[1] The Court also considers plaintiffs' letter and attached exhibits filed on December 22, 2022 to supplement plaintiffs' motion. ECF No. 27.

## LEGAL STANDARD FOR CONTEMPT

Federal courts have inherent power to hold a party in civil contempt for noncompliance with a court order. N.A. Sales Co. v. Chapman Indus. Corp., 736 F.2d 854, 857 (2d Cir. 1984). An order of civil contempt "may serve dual purposes [of] securing future compliance with court orders and compensating the party that has been wronged." Southern New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 146 (2d Cir. 2010) (citations and internal quotation marks omitted). To obtain a contempt order, the moving party must establish that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Perez v. Danbury Hosp., 347 F.3d 419, 423-24 (2d Cir. 2003) (citing King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). In civil contempt cases such as this, "it need not be established that the violation was willful." Paramedics Eletromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004) (citations omitted).

## CERTIFICATION OF FACTS

The Court hereby certifies the following facts:

1) On March 29, 2021, plaintiffs commenced this action against defendants alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* and common law fraud, seeking to recover compensatory damages, punitive damages, treble damages, costs, attorney's fees, and to obtain a declaratory judgment and a permanent injunction against defendants. Complaint ("Compl."), ECF No. 1 ¶¶ 98, 99, 112, 123, 127.

2) Plaintiffs moved for a default judgment against defendants on their third cause of action for common law fraud, and on their sixth cause of action, seeking a permanent injunction. ECF No. 17.

3) The Court granted the motion and awarded plaintiffs $2,451,144.30 in compensatory

damages and permanently enjoined and restrained defendants "from submitting applications for insurance policies" to plaintiffs. Mem. and Order, ECF No. 20.

4) On January 31, 2022, the Clerk of Court entered a judgment pursuant to the Court's Order. ECF No. 21.

5) From February 2022 to June 2022, defendants submitted to GEICO at least 39 separate policy applications, many of which were sent from the same Internet Protocol ("IP") addresses used to submit applications alleged in the complaint. Declaration of April Neyland ("Neyland Decl."), ECF No. 25-1 ¶ 12.

6) Defendants' 39 policy applications provided payment information that failed when GEICO attempted to use the information to charge the applicant for the policy. Id. ¶¶ 16–17.

7) From July 2022 to October 2022, defendants submitted approximately 107 new policy applications to GEICO. Supplemental Declaration of April Neyland ("Neyland Supp. Decl."), ECF No. 27-1 ¶ 10.

8) Each of the 107 applications provided the same vehicle identification number ("VIN"), VIN Number 1LNHM81WX5Y661645, that defendants used to submit the applications alleged in the complaint. Id. ¶ 12, at Ex. 1

9) Defendants' applications—both the 39 applications submitted between February and June 2022 as well as the 107 applications submitted between July and October 2022—were "submitted in identical fashion" to that alleged in the complaint, including the use of fabricated names, addresses, and email addresses. Neyland Decl. ¶¶ 18–21; Neyland Supp. Decl. ¶¶ 13–14; Compl. ¶¶ 2–4.

## APPLICATION OF LEGAL STANDARD

### A. Clear and Unambiguous Court Order

"A clear and unambiguous order is one that leaves 'no uncertainty in the minds of those to whom it is addressed.'" King, 65 F.3d at 1058 (quoting Hess v. New Jersey Transit Rail Operations, Inc., 846 F.2d 114, 116 (2d Cir. 1988)). In other words, "one must be able to ascertain from the four corners of the order precisely what acts are forbidden." Bowens, 546 F. Supp. 2d at 64 (internal quotations omitted). In this case, the Court's default judgment and permanent injunction enjoining and restraining defendants from submitting applications for insurance policies to plaintiffs is a clear and unambiguous Order. ECF No. 21. Thus, the first element to find contempt is satisfied. New Falls Corporaton v. Soni Holdings, LLC, No. 19-CV-449, 2021 WL 919110, at *9 (E.D.N.Y. Mar. 8, 2021) (finding the preliminary injunction prohibiting defendants from selling or otherwise disposing of defendants' property to be "clear and unambiguous[.]").

### B. Clear and Convincing Evidence of Non-Compliance

"In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002) (citation omitted). Here, plaintiffs demonstrate with a reasonable certainty that defendants have not complied with the Court's Order. Plaintiffs present evidence that between February 2022 and June 2022, defendants submitted 39 policy applications using the fraudulent scheme described in plaintiffs' complaint, including submitting applications from the same IP addresses, and using fabricated names, addresses, email addresses, and bank account information. See Neyland Decl. ¶¶ 12, 16–21. From July 2022 to October 2022, defendants submitted 107 new applications to GEICO in virtually identical fashion. Neyland Supp. Decl. ¶¶ 10, 12–14. Plaintiffs' evidence regarding defendants' submission of applications to

5

GEICO since the Court's Order satisfies the second element to find contempt.

### C. Diligent Compliance with the Court's Order

With respect to the third element necessary for contempt, defendants have not appeared in this action, let alone contacted plaintiffs' counsel or the Court to contest the instant motion. While the Court cannot hold a party in contempt if the party has "been reasonably diligent and energetic in attempting to accomplish what was ordered[,]" no attempt, much less a diligent one, has been made to comply with the Court's Order here. Equal Emp't Opportunity Comm'n v. Local 638, 753 F.2d 1172, 1178 (2d Cir. 1985) (citation omitted). Therefore, the Court finds that defendants' contempt has been established.

## CONCLUSION

Accordingly, the facts above are certified to the district court for contempt proceedings pursuant to 28 U.S.C. § 636(e). Should the Court enter a finding of contempt against defendants, it is recommended that sanctions should be imposed in the amount of $500.00 for each discrete violation of the injunction to date, and $1,000.00 for any further violations of the injunction, in addition to any other relief the Court deems just and proper to secure compliance with the Court's Order and to compensate plaintiffs. See Paramedics Electromedicina Comercial, 369 F.3d at 657 ("[T]he Court has broad discretion to design a remedy that will bring about compliance." (citation and internal quotation marks omitted)). Plaintiffs are directed to serve defendants with a copy of this Report and Recommendation at their last known addresses and to file proof of service on the docket forthwith.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January 5, 2023
      Brooklyn, New York