UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Government Employees Insurance Company;
GEICO Indemnity Company; GEICO General
Insurance Company; and GEICO Casualty
Company,

                        Plaintiffs,

       -against-

Frank Boatswain; Patrick Auguste, *also known
as* Sosa; and Paul Matthew,

                        Defendants.
------------------------------------------------------------X

**ORDER**
21-CV-01702 (DG) (LB)

DIANE GUJARATI, United States District Judge:

       By Memorandum & Order dated January 28, 2022, the Court adopted the December 17, 2021 Report and Recommendation issued by Magistrate Judge Lois Bloom, ECF No. 18, and accordingly, *inter alia*, granted the Motion for Default Judgment, ECF No. 17, brought by Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "Plaintiffs" or "GEICO") as to Plaintiffs' third and sixth causes of action; awarded Plaintiffs $2,451,144.30 in compensatory damages against Defendants Frank Boatswain, Patrick Auguste, and Paul Matthew (collectively, "Defendants") due to Defendants' fraud; and permanently enjoined and restrained Defendants from submitting applications for insurance policies to GEICO.  *See* ECF No. 20.  Judgment was entered on January 31, 2022.  *See* ECF No. 21.[1]

       On June 7, 2022, Plaintiffs filed a Motion for Contempt seeking an Order finding Defendants in contempt of court for failure to comply with the injunction issued against them in

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

this action and requesting "that the Court impose: (i) a $500.00 monetary sanction for each discrete violation of the injunction to date; and (ii) upon any further violations of the injunction, a $1,000.00 monetary sanction." *See generally* ECF Nos. 24, 25.[2]  The Motion for Contempt was referred to Judge Bloom for a Report and Recommendation ("R&R").  *See* October 31, 2022 Order.

On January 5, 2023, Judge Bloom issued an R&R, ECF No. 28, certifying the relevant facts, including, *inter alia*, that from February 2022 to June 2022, Defendants submitted to GEICO at least 39 separate policy applications and from July 2022 to October 2022, Defendants submitted approximately 107 new policy applications to GEICO, *see* R&R at 4, and recommending that the Court order Defendants to appear to show cause why they should not be held in contempt, *see* R&R at 1.  The R&R further recommended that, should the Court enter a finding of contempt against Defendants, "sanctions should be imposed in the amount of $500.00 for each discrete violation of the injunction to date, and $1,000.00 for any further violations of the injunction, in addition to any other relief the Court deems just and proper to secure compliance with the Court's Order and to compensate plaintiffs."  *See* R&R at 6.  No objection to the R&R has been filed and the time for filing objections has passed.  *See* R&R at 7.[3]

On June 7, 2023, the Court directed Defendants to appear before the Court on June 20, 2023 to show cause why they should not be found in contempt of court for failing – as detailed in the R&R – to comply with the injunction issued against them in this action and why they should not be subject to a $500 sanction for each violation of the injunction and a $1,000 sanction for

---

[2] Pursuant to Judge Bloom's May 26, 2022 Order, Plaintiffs filed the Motion for Contempt under seal, *see* ECF No. 24, and publicly filed a redacted version, *see* ECF No. 25.

[3] Upon clear error review in light of the absence of objections, the Court adopts the R&R.

each future violation of the injunction.  *See* June 7, 2023 Order to Show Cause.  Defendants did not appear at the June 20, 2023 conference or otherwise respond to the June 7, 2023 Order to Show Cause.  *See* ECF No. 35; *see generally* docket.[4]

Subsequent to the June 20, 2023 conference, Plaintiffs filed a letter enclosing a proposed order, *see* ECF No. 36, and a letter addressing why any sanctions that may be ordered shall be payable to Plaintiffs, *see* ECF No. 38.

Upon consideration of the record, Plaintiffs' Motion for Contempt, ECF Nos. 24, 25, is GRANTED and it is hereby ORDERED that:

(1) Defendants Frank Boatswain, Patrick Auguste, and Paul Matthew are found in contempt of court for their violations of the injunction issued against them in this action;

(2) Defendants Frank Boatswain, Patrick Auguste, and Paul Matthew shall, within 14 days of this Order, pay to GEICO, via Rivkin Radler, LLP, the sum of $73,000, representing a $500 sanction for each of Defendants' 146 separate violations of the injunction addressed in the R&R;[5] and

(3) Defendants Frank Boatswain, Patrick Auguste, and Paul Matthew shall pay to GEICO, via Rivkin Radler, LLP, a sanction of $1,000 for each demonstrated future violation of the injunction through January 17, 2024.  Any submission seeking sanctions for future violations through January 17, 2024 shall be made by January 31, 2024.

---

[4] The docket reflects proof of service of the relevant documents on Defendants.  *See generally* docket.

[5] Defendants Frank Boatswain, Patrick Auguste, and Paul Matthew shall be jointly and severally liable to GEICO for this amount.

Plaintiffs are directed to serve this Order on Defendants Frank Boatswain, Patrick Auguste, and Paul Matthew and to file proof of service on the docket by July 24, 2023.

SO ORDERED.

> */s/ Diane Gujarati*
> DIANE GUJARATI
> United States District Judge

Dated: July 17, 2023
      Brooklyn, New York